## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JOHN HUSTEN, | Case No. 18-CV-2712 (ECT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN MICHELLE SMITH, | |
| Respondent. | |

This matter is before the undersigned U.S. Magistrate Judge on Petitioner Michael John Husten's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. *See generally* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 (Petition). This Court has done a preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the § 2254 Rules). Based on that review, this Court recommends dismissal of the Petition.

To explain the procedural-default findings, the Court will explain this case's state-court procedural history in some detail. Husten pleaded guilty to second-degree murder in 2012 in Minnesota state court; the trial court sentenced him to 20 years in prison. *See, e.g.*, Pet. 1; Register of Actions, *State v. Husten*, Case No. 27-CR-12-2130 (*Husten* Register of Actions). After his March 2012 conviction, Husten filed a notice of appeal to the Minnesota Court of Appeals in July 2012. *See* Postconviction Order & Mem. 2, *State v. Husten*, Case No. 27-CR-12-2130 (Minn. Dist. Ct. Oct. 24, 2016) (Postconviction Order), *provided in* Pet'r's 23 Attached Exhibits in Supp. of the § 2254 Habeas Corpus

Pet., ECF No. 2. In June 2013, Husten moved for a stay of his direct appeal pending completion of postconviction proceedings; granting that motion, the Court of Appeals remanded the case to the state district court. *See id.* Represented by counsel, Husten filed his first postconviction-relief motion in July 2013. *See id.* From the materials Husten provided, it appears that the ground for relief that motion presented was that Husten's guilty plea "was not accurate, voluntary, or intelligent." *Id.* at 2–3. The district court denied that motion in August 2013; afterwards, the Minnesota Court of Appeals granted a motion by Husten to reinstate his appeal. *See id.*

On direct appeal, the only arguments made by Husten's counsel concerned the accuracy, voluntariness, and intelligence of Husten's plea; the Court of Appeals rejected those on the merits. *See State v. Husten*, No. A12-1337, 2014 WL 1516237, at *2–3 (Minn. Ct. App. Apr. 21, 2014). Husten also asserted several claims pro se—specifically, "claims related to the district court's appointment of advisory defense counsel, denial of a continuance, failure to order a 'psychiatric examination,' and failure to recuse himself, as well as claims of prosecutorial misconduct, denial of the perceived right to examine witnesses at pretrial hearings, and Husten's false testimony undermining his guilty plea." *Id.* at *4. The Court of Appeals "decline[d] to consider" Husten's pro se claims, stating that Husten had not raised them before the district court and noting as well that "the district court record does not provide factual support for any of the claims." *Id.* Husten appealed to the Minnesota Supreme Court and then the U.S. Supreme Court, but both declined review, *see State v. Husten*, No. A12-1337, 2014 Minn. LEXIS 296, at *1 (Minn. June 25, 2014); *Husten v. Minnesota*, No. 14-7758, 135 S. Ct. 1447, 1447 (2015),

2

and nothing in the record indicates that the claims Husten had tried to raise pro se were presented to either tribunal for review.

Husten filed a second *pro se* postconviction-relief petition in Minnesota state court in April 2016. *See* Postconviction Order 1, 5. The motion's grounds for relief were: "(1) recantation of perjured testimony; (2) newly discovered evidence; (3) alternative perpetrator/actual innocence; and (4) prosecutorial misconduct." *Id.* at 5; *see also* Statement of the Case by Appellant 1, *Husten v. State*, No. A16-1799 (Minn. Ct. App. Dec. 5, 2016). After the district court denied that motion in October 2016, Husten appealed. *See, e.g.*, Order 1, *Husten v. State*, No. A16-1799 (Minn. Ct. App. Apr. 10, 2017) (discussing history of appeal) (April 2017 Order). The Minnesota Court of Appeals twice instructed Husten to file, among other things, a brief on the merits, but he did not do so. *See id.* As a result, the Court of Appeals dismissed the appeal on April 10, 2017. *See id.* at 2–3.

In December 2016, Husten filed a pro se application for a writ of habeas corpus in Minnesota state court. *See* Statement of the Case 1, *Husten v. Roy*, No. A17-775 (Minn. Ct. App. May 16, 2017). He argued that the Minnesota Department of Corrections was violating his due-process rights. *See, e.g.*, *Husten v. Roy*, No. A17-0775, 2017 Minn. App. Unpub. LEXIS 969, at *2–5 (Minn. Ct. App. Nov. 27, 2017). The argument's thrust was that Husten believed he was being sentenced under the "determinate sentencing" provisions of Minn. Stat. § 244.101(1), under which Minnesota felony sentences for those who committed offenses on or after August 1, 1993, have "a specified minimum term of imprisonment that is equal to two-thirds of the executed sentence" and

3

"a specified maximum supervised release term that is equal to one-third of the executed sentence." *Id.* at *2–3. As Husten was convicted of an offense that took place in 1972, he believed that he should be subject instead to Minn. Stat. § 609.12(1), under which an offender can be paroled "at any time." *Husten*, 2017 Minn. App. Unpub. LEXIS 969, at *2–3. The district court denied Husten's petition, and the Minnesota Court of Appeals affirmed, determining that, inter alia, Husten "ha[d] failed to show a protected liberty interest under either the federal constitution or state law," and so could not "establish a prima facie case that his due process rights [had] been violated." *Id.* at *4–5. Husten petitioned the Minnesota Supreme Court for further review, but that petition was denied. *See* Order, *Husten v. Roy*, No. A17-0775 (Minn. Jan. 24, 2018).

With this history in mind, the Court turns to the Petition's seven grounds for relief. Husten contends that (1) the prosecutor handling his matters in the trial court provided the judge misleading information about a probable-cause warrant and the status of discovery to be provided to Husten, *see* Pet. 6; (2) the prosecutor failed to provide Husten with allegedly exculpatory evidence, *see id.* at 8; (3) Husten received allegedly exculpatory evidence only after a September 2014 court order, *see id.* at 9; (4) certain evidence suggests that Husten is actually innocent and that an alternative perpetrator committed the murder to which Husten pleaded guilty, *see id.* at 11; (5) Husten's guilty plea rested on perjury (i.e., Husten perjured himself), *see id.* at additional p. i; (6) the state trial court erred when it refused to give Husten an evidentiary hearing regarding his second postconviction-relief motion, *see id.* at additional p. ii; and (7) Husten is being inappropriately denied sentencing in accordance with Minn. Stat. § 609.12, *see id.*

4

With respect to the first five grounds of relief, Husten has not shown that he exhausted his state-court remedies. Before seeking a writ of habeas corpus, a state prisoner must exhaust all available state remedies as to his grounds for relief. 28 U.S.C. § 2254(b)(1). To provide the state an opportunity to consider and correct alleged violations of prisoners' rights, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

Husten appears to have raised grounds (1), (2), and (5) in his pro se filing in his direct appeal, but the Minnesota Court of Appeals declined to address those grounds because Husten had not raised them before the district court. *See Husten*, 2014 WL 1516237, at *4. Putting that issue to the side, Husten has failed to show that the issues he raised pro se were ever submitted to the Minnesota Supreme Court for consideration on direct appeal. Furthermore, Husten appears to have raised grounds (1) through (5) in his second postconviction-relief petition, but the state district court dismissed his claims as procedurally barred as well as nonmeritorious—and then, on appeal, Husten failed to even file a brief on the merits. *See* Postconviction Order 5; April 2017 Order 1–3. By having this appeal dismissed for failure to submit a requested brief, Husten failed to exhaust his state-court remedies for his first five grounds for relief.

If a petition for habeas corpus contains claims that have not been fairly presented to the highest state court, a court must determine whether those claims are

5

(1) unexhausted and may still be presented to the state court, or (2) procedurally defaulted by operation of an independent and adequate state procedural rule precluding further litigation in the state courts. *See* 28 U.S.C. § 2254(c); *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916–17 (D. Minn. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Here, Husten's first five grounds for relief are procedurally defaulted. Under Minnesota law, "an offender may not file a postconviction petition to assert a claim that previously was raised on direct appeal or that could have been but was not raised on direct appeal," and furthermore, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Oates v. State*, No. A15-0788, 2016 WL 687465, at *2 (Minn. Ct. App. Feb. 22, 2016) (citing Minnesota authorities; internal quotation marks omitted), *review granted* (May 17, 2016)*, review denied* (Jan. 17, 2017).

Where a petitioner's claim is procedurally defaulted, a court must dismiss the claim unless the petitioner can demonstrate "cause and prejudice for the procedural default," *Dretke v. Haley*, 541 U.S. 386, 393 (2004), or that "failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750. Husten does not contend that the fundamental-miscarriage-of-justice exception applies here. As for cause and prejudice, Husten appears to suggest that he was unaware of facts underlying his first four relief grounds until he could review materials unavailable to him until September 2014 (as well as certain trial transcripts). Pet. 6–11.[1]

---

[1] Sensibly enough, Husten provides no explanation for how he was previously unaware of his fifth ground for relief—that is, his claim that he perjured himself during his guilty

6

Assuming—without deciding—that Husten did lack relevant information until September 2014, that could only excuse Husten's failure to raise issues in his first postconviction-relief motion (filed in July 2013) and in his direct appeal (filed in September 2013). It would not excuse a failure to raise issues in Husten's second postconviction-relief motion, which was filed in April 2016. As discussed above, it appears that Husted did raise his first five grounds for review in the April 2016 motion. But the Minnesota Court of Appeals eventually dismissed Husten's appeal of that motion's denial because Husten did not file required briefing—and Husten cannot attribute *that* failure to him only getting certain materials in September 2014. Simply put, the "cause" to which Husten points does not in fact excuse his procedural default of the first five grounds for relief. Those grounds are therefore procedurally defaulted; the Court recommends their dismissal.

As for Husten's sixth ground for relief—his argument that the district court erred by denying him an evidentiary hearing for his second postconviction-relief motion, *see id.* at additional p. i—the Court recommends dismissal for much the same reason. As noted above, grounds for § 2254 relief must have been "fairly presented" their claims to relevant state courts. Husten's one-paragraph discussion of the evidentiary-hearing issue nowhere suggests that he "fairly presented" this issue to Minnesota's appellate courts. *See id.* Furthermore, Husten's effective abandonment of the appeal addressing his second postconviction-relief motion (for failure to provide required briefing) shows that he failed

---

plea. *See* Pet. at additional p. i. The upshot is that he has not shown cause and prejudice excusing his procedural default of this ground of relief.

7

to present fairly present this argument to Minnesota's appellate courts.  He thus failed to exhaust this claim.  Given the Minnesota procedural rules barring repetitive litigation of issues, the issue is now procedurally defaulted, and Husten makes no effort to show cause and prejudice excusing the default.  The Court thus recommends dismissal of this ground for relief.

Husten does appear to have exhausted state-court remedies for his seventh relief ground.  His one-paragraph discussion of this ground is unclear, *see* Pet. at additional p. ii, but it seems to be an attempt to reraise the due-process argument of Husten's December 2016 habeas application.  *Compare id. with Husten*, 2017 Minn. App. Unpub. LEXIS 969, at *2–3; *cf. Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (noting that pleadings by pro se litigants should be "liberally construed").  Husten appealed the denial of that petition all the way to the Minnesota Supreme Court, so the exhaustion requirement is met.

Husten's requested ground for relief is nevertheless critically flawed.  First, it runs afoul of 28 U.S.C. § 2254(d).  Under § 2254(d), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  The Petition nowhere explains how

8

the Minnesota courts' adjudication of Husten's due-process argument meets either § 2254(d) requirement.

Putting that procedural point aside, a more substantive issue looms: the Court fails to see how Husten *could* challenge the state courts' resolution of his federal due-process argument. As a threshold point, it appears that Husten's argument below was that his sentencing violated due process under both the U.S. Constitution as well as Minnesota law. *See Husten*, 2017 Minn. App. Unpub. LEXIS 969, at *2–4 (discussion of due-process argument). To the extent Husten contends that Minnesota's courts mishandled a question of *Minnesota* law, the argument cannot succeed. "[T]he inquiry . . . is whether a state court decision is contrary to, or an unreasonable application of, clearly established *federal* law, not whether the state court incorrectly applied *state* law." *Armstrong v. Hobbs*, 698 F.3d 1063, 1067 (8th Cir. 2012) (emphasis added). Husten's seventh ground of review can only succeed if Husten can show that his sentencing violates due process under federal law.

"The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). The Petition does not explain what Husten sees as his relevant liberty or property interest, but it presumably must be his ability to receive parole as part of his sentence. Recall his concern: Minnesota's sentencing regime for crimes that occurred since August 1993 dictates that a prisoner gets

9

supervised release once he or she has served two-thirds of his sentence. Minn. Stat. § 244.101(1). Minnesota's prior sentencing regime was more discretionary, giving prisoners the opportunity to seek parole immediately. *Id.* § 609.12(1). Husten's complaint is that being handled under the newer regime prevents him from seeking parole until his sentence is two-thirds complete.

The problem with this argument is that it is "well established" that there is no general "protected, federal due process right to parole." *Id.*; *see also Swarthout*, 562 at 220 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.") (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)); *Greenholtz*, 442 U.S. at 12 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). An exception to this general rule applies when a state's parole-related "statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms." *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). But Husten cannot fall into this exception, for the sentencing regime that he claims should apply to him gives corrections officials essentially unfettered discretion. *See* Minn. Stat. § 609.12(1) ("A person sentenced to the commissioner of corrections for imprisonment for a period less than life *may* be paroled or discharged *at any time* without regard to length of the term of imprisonment which the sentence imposes when in the judgment of the commissioner of corrections, and under the conditions the commissioner imposes, the granting of parole or discharge would be most conducive to rehabilitation

and would be in the public interest.") (emphasis added). Husten therefore has no liberty interest in receiving parole, and so his federal due-process argument cannot succeed.

In summary, all seven grounds of the Petition merit dismissal. Husted has procedurally defaulted the first six, and the seventh does not meet the requirements of 28 U.S.C. § 2254(d) and is doomed to fail because Husted has no protectable liberty interest in receiving parole under Minnesota's pre-1993 sentencing regime. As all the Petition's grounds merit dismissal, the Court recommends dismissal of the Petition in its entirety.

Only one matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Husten's current habeas corpus petition differently than it is being treated here. Husten has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Husten not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, be DENIED;

2. The action be DISMISSED with prejudice; and

3. No certificate of appealability be issued.

Dated: November 1, 2018                                s/ *Steven E. Rau*
                                                      Steven E. Rau
                                                      U.S. Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).